NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
VICKY QUIROZ,                       :
                                    :
      Plaintiff,                    :     Civil Action No. 13-7699 (SRC)
                                    :
      v.                            :     **OPINION**
                                    :
COMMISSIONER OF SOCIAL              :
SECURITY,                           :
                                    :
      Defendant.                    :
_____ :

**CHESLER, District Judge**

      This matter comes before the Court on the appeal by Plaintiff Vicky Quiroz ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be vacated and the matter remanded to the Commissioner for further proceedings.

      In brief, this appeal arises from Plaintiff's application for disability insurance and supplemental security income benefits, alleging disability beginning March 15, 2005. A hearing was held before ALJ Richard De Steno (the "ALJ") on May 15, 2012, and the ALJ issued a decision on May 24, 2012, finding that Plaintiff was not disabled within the meaning of the Social Security Act. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

      The ALJ, in short, found that, at step three, Plaintiff did not meet or equal any of the

Listings.  At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform "the full range of medium work."  (Tr. 20.)  At step four, the ALJ also found that this residual functional capacity sufficed to allow Plaintiff to perform her past relevant work as a nursing home assistant.  The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on three grounds: 1) the Commissioner's step three finding is beyond judicial review; 2) the residual functional capacity determination at step four is not based on substantial evidence; and 3) the conclusion that Plaintiff retains the residual functional capacity to perform her past relevant work is not based on substantial evidence.  This Court need only reach the second point, which succeeds.

As stated, the ALJ concluded, at step four, that Plaintiff retained the residual functional capacity for the full range of medium work.[1]  Plaintiff argues that this determination is not supported by substantial evidence, and this Court agrees.  In this regard, it is helpful to consider the summary of the medical evidence provided by the Commissioner in the opposition brief.  Here is a quick summary of the Commissioner's review of the medical evidence: 1) X-rays and CT scans of Plaintiff were unremarkable; 2) a state agency psychological consultant, Dr. Flaherty, found a number of moderate limitations in mental residual functional capacity; 3) a consultative physician, Dr. Merlin, did an exam and reported detailed medical observations; the report says nothing about the ability to work or residual functional capacity; 4) a medical

---

[1] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."  20 C.F.R. § 404.1567(c).

consultant, Dr. Schneider, assessed Plaintiff's residual functional capacity and determined, *inter alia*, that she could lift twenty pounds occasionally and ten pounds frequently;[2] 5) a state agency psychological consultant, Dr. Joyson, reviewed Dr. Flaherty's assessment and affirmed it; and 6) an internist, Dr. Campoalegre, submitted a report which found limitations in walking and lifting, stated that Plaintiff could not work, and gave the maximum time period for the length of disability, twelve months or more. (Tr. 456.) In summary, every medical expert who submitted an assessment of Plaintiff's residual functional capacity or her ability to work found significant limitations. Neither the ALJ's opinion nor the Commissioner's opposition brief points to any evidence from a medical expert who states that Plaintiff has the residual functional capacity to perform the full range of medium work.

In the opposition brief, the Commissioner argues that the ALJ properly assessed Plaintiff's residual functional capacity and reasonably relied on the absence of evidence that would preclude medium work. This is predicated on the erroneous statement that the record contained no evidence of inability to perform medium work. As noted, every medical expert who made a statement assessing the ability to work found significant limitations. Dr. Schneider, affirmed by Dr. Walsh, determined that Plaintiff could lift twenty pounds occasionally and ten pounds frequently. The C.F.R. states that medium work requires lifting fifty pounds occasionally and twenty-five pounds frequently. 20 C.F.R. § 404.1567(c). Dr. Schneider's assessment clearly constitutes medical evidence that Plaintiff does not retain the residual functional capacity to perform medium work.

---

[2] The Commissioner, in this review, appears to have overlooked that, in addition, a state agency medical consultant, Dr. Walsh, reviewed Dr. Schneider's assessment and affirmed it (Tr. 431).

It thus appears that the ALJ's residual functional capacity determination is supported by no medical evidence. The ALJ appears to have substituted his own opinion for that of the medical experts. The ALJ cannot discount medical opinions based on his own analysis of the medical evidence. This is absolutely forbidden under Third Circuit law: "By independently reviewing and interpreting the laboratory reports, the ALJ impermissibly substituted his own judgment for that of a physician; an ALJ is not free to set his own expertise against that of a physician who presents competent evidence." Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir. 1985). Here, the ALJ impermissibly substituted his own judgment for that of the professionals. This is evident from the fact that the record contains no medical opinions which state that Plaintiff retains the residual functional capacity to perform the full range of medium work, and that the medical evidence of record contradicts the ALJ's conclusion.

The ALJ's residual functional capacity assessment is not supported by any medical evidence. Rather, all medical professionals who evaluated Plaintiff's ability to work found significant limitations. On this record, this Court concludes that the Commissioner's determination is not supported by substantial evidence. The Commissioner's decision will be vacated and the case remanded to the Commissioner for further proceedings in accordance with this Opinion.

    s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: February 25, 2015